FILED
ASHEVILLE, N.C.

SEP 23 2019

U.S. DISTRICT COURT
W. DIST. OF N.C.

# UNITED STATES DISTRICT COURT

for the

Western District of North Carolina ▾

Asheville Division

|  |  |  |
|---|---|---|
| **C.P.** | ) | Case No. _1:19 cv 271_ |
| | ) | *(to be filled in by the Clerk's Office)* |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | Jury Trial: *(check one)* ☑Yes ☐No |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| -v- | ) | |
| | ) | |
| **JOHN DOE, et al** | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | ) | |
| *with the full list of names.)* | ) | |

## COMPLAINT FOR A CIVIL CASE

**I.    The Parties to This Complaint**

    **A.    The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

|  |  |
|---|---|
| Name | C.P. |
| Street Address | Sealed |
| City and County | |
| State and Zip Code | Washington |
| Telephone Number | |
| E-mail Address | |

    **B.    The Defendant(s)**

        Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

Name
Job or Title *(if known)*
Street Address
City and County
State and Zip Code
Telephone Number
E-mail Address *(if known)*

John Doe

Asheville - Buncombe County
North Carolina 28801

Defendant No. 2

Name
Job or Title *(if known)*
Street Address
City and County
State and Zip Code
Telephone Number
E-mail Address *(if known)*

R.B.
Sealed

Asheville - Buncombe County
North Carolina 28801

Defendant No. 3

Name
Job or Title *(if known)*
Street Address
City and County
State and Zip Code
Telephone Number
E-mail Address *(if known)*

MHI
Sealed

Asheville - Buncombe County
North Carolina 28801

Defendant No. 4

Name
Job or Title *(if known)*
Street Address
City and County
State and Zip Code
Telephone Number
E-mail Address *(if known)*

Officer Doe

Asheville - Buncbome County
North Carolina 28801

## II.     Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✔] Federal question          [✔] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.     If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Including, but not limited to:

U.S. Bill of Rights, Treaty of Peace and Friendship, 14th Amendment, 42 USC 1981 et seq, 28 USC 1343, 28 USC 1367, HIPAA, 18 USC 1001, 18 USC 241, 18 USC 242, and 18 USC 249.

### B.     If the Basis for Jurisdiction Is Diversity of Citizenship

1.     The Plaintiff(s)

     a.     If the plaintiff is an individual

         The plaintiff, *(name)*   C.P.  , is a citizen of the State of *(name)*   Mohamed   .

     b.     If the plaintiff is a corporation

         The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,

and has its principal place of business in the State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.     The Defendant(s)

     a.     If the defendant is an individual

         The defendant, *(name)*   John Doe  , is a citizen of the State of *(name)*   North Carolina   . Or is a citizen of *(foreign nation)* _____ .

b.    If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

Amount to be proven at trial exceeding $75,000.00

See attached

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See attached

Counts I - VIII

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See attached

**✳ All allegations not supported by evidence will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.**

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____09/17/2019_____

Signature of Plaintiff _____ ← Wet Ink Signature Under Seal (CP)

Printed Name of Plaintiff _____

### B. For Attorneys

2nd Original 9/20/19 (CP)

Date of signing: _____

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Street Address _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____

C.P.,                              )
                                   )
      Plaintiff,              )  Civil Action No. 1:19 cv 271
                                   )
v.                                 )
                                   )
JOHN DOE, et al,                   )
                                   )
      Defendants.             )

## COMPLAINT

**Universal Law of Allah
American Jurisprudence**

---

### ~ The Great Quran of Mohammed ~

Allah does not like the public mention of evil except by one to whom injustice has been done; And ever is Allah Hearing and Knowing. *Surah 4:148*

And (remember, O Children of Israel) when We made a covenant with you and caused the mount to tower above you, (saying): Hold fast that which We have given you, and remember that which is therein, that ye may ward off (evil). *Surah 2:63*

Then you turned away after that. And if not for the favor of Allah upon you and His mercy, you would have been among the losers. *Surah 2:64*

---

### ~ The Helios Biblios ~
#### John 10

32 Jesus answered them, Many good works have I shewed you from my Father; for which of those works do ye stone me?

33 The Jews answered him, saying, For a good work we stone thee not; but for blasphemy; and because that thou, being a man, makest thyself God.

34 Jesus answered them, Is it not written in your law, I said, Ye are gods?

35 If he called them gods, unto whom the word of God came, and the scripture cannot be broken;

36 Say ye of him, whom the Father hath sanctified, and sent into the world, Thou blasphemest; because I said, I am the Son of God?

---

The "law of the land" requires that the administration of justice be consistent with fundamental principles of liberty and justice. State v. Tolley, 290 N.C. 349 (1976).

# Holy Koran of the Moorish Science Temple of America
## CHAPTER III
### Elihu's Lessons - The Unity of Life

1. Again Elihu met his pupils in the sacred grove and said:

2. "No man lives unto himself, for every living thing is bound by cords to every other living thing.

3. Blessed are the pure in heart; for they will love and not demand love in return.

4. They will not do to other men what they would not have other men do unto them.

5. There are two selves; the higher and the lower self.

6. The higher self is human spirit clothed with soul, made in the form of Allah.

7. The lower self, the carnal self, the body of desires, is a reflection of higher self, distorted by the murky ethers of the flesh.

8. The lower self is an illusion and will pass away; the higher self is Allah in man, and will not pass away.

9. The higher self is the embodiment of truth, the lower self is truth reversed and so is falsehood manifest.

10. The higher self is justice, mercy, love and right; the lower self is what the higher self is not.

11. The lower self breeds hatred, slander, lewdness, murders, theft, and everything that harms, the higher self is mother of the virtues and the harmonies of life.

12. The lower self is rich in promises, but poor in blessedness and peace; it offers pleasure, joy and satisfying gain; but gives unrest, misery and death.

13. It gives men apples that are lovely to the eye and pleasant to the smell; their cores are full of bitterness and gall.

14. If you would ask me what to study, I would say, yourselves; and when you well have studied them; and then would ask me what to study next, I would reply, yourselves.

15. He who knows well his lower self, knows the illusions of the world, knows of the things that pass away; and he who knows his higher self, know Allah; knows well the things that cannot pass away.

16. Thrice blessed is the man who has made purity and love his very own; he has been ransomed from the perils of the lower self and is himself his higher self.

17. Men seek salvation from an evil that they deem a living monster of the nether world; and they have gods that are but demons in disguise; all powerful, yet full of jealousy and hate and lust.

18. Whose favors must be bought with costly sacrifice of fruits, and of the lives of birds, and animals, and human kind.

19. And yet these gods possess no ears to hear, no eyes to see, no heart to sympathize, no power to save.

20. This evil is a myth; these gods are made of air, clothed with shadows of a thought.

21. The only devil from which men must be redeemed is self, the lower self. If man would find his devil he must look within; his name is self.

22. If man would find his savior he must look within; and when the demon self has been dethroned the savior, Love, will be exulted to the throne of power.

23. The David of the light is Purity, who slays the strong Goliath of the dark, and seats the savior, Love, upon the throne."

# Koran Questions

### Question 5 - Who is Noble Drew Ali?
He is Allah's Prophet.

### Question 42 - What is the covenant of the Great-God Allah?
Honor thy father and thy mother that thy days will be long upon the Earthland which the Lord thy God-Allah have given thee.

### Question 46 – What did Jesus say that will make you free?
Truth

### Question 85 – Name some of the marks that were put upon the MOORS of Northwest, by the European Nations in 1774?
Negro, Black, Colored, and Ethiopia.

### Question 87 - What is meant by the word black?
Black according to science means death.

### Question 88 - What does the word colored mean?
Colored means anything that has been painted, stained, varnished or dyed.

### Question 90 - Can a man be a negro, black, colored, or Ethiopian?
No.

**COMES NOW**, Plaintiff *pro se* ███████████ ("Plaintiff"), in good faith, without the benefit of a licensed attorney pursuant to Haines v. Kerner, 404 U.S. 519 (1972), to remedy the acts and omissions of John Doe ("JD"), ████████ ("RB"), ████████████ ("MHI"), Officer Doe ("OD"), and Paramedic Doe ("PD"), collectively ("Defendants"). Plaintiff files this verified complaint for damages and demands a trial by jury. Plaintiff respectfully shows as follows:

## I.   INTRODUCTION

All 50 U.S. states have IVC laws designed to protect individuals in crisis and those around them when the individual is unwilling or unable to consent to treatment. However, evidence suggests that IVC is frequently misused to fill gaps in North Carolina's fragmented mental health system. "Every two and a half minutes, someone in a behavioral health crisis arrives at a hospital emergency department in North Carolina, but that is not always the best place for them to receive the treatment they need," said Steve Lawler, NCHA president. "This important action by the NC General Assembly will help prevent unnecessary delays in treatment by guiding people to the right care at the right place." https://www.ncha.org/2018/06/nc-general-assembly-passes-major-update-to-mental-health-law/

## II.   BACKGROUND

This case arises out of Defendants' negligence in that Plaintiff was harmed during an unlawful medical detainment from September 20, 2016 to October 6, 2016. This is a medical negligence case concerning Defendants' failure to respect Plaintiff's cultural and religious diversity in that the patient was exercising his constitutional rights and privately practicing his religion in a way that posed no threat of harm or danger to himself or others. As a direct and proximate result of Defendants' acts and omissions, Plaintiff was falsely imprisoned, suffered emotional pain and his civil rights were violated. To make matters worse, while in Defendants' custody and care, Plaintiff was physically assaulted *(without provocation)* leaving permanent scarring on Plaintiff's face.

## III.     JURISDICTION & VENUE

### 1.

**Plaintiff** ███████████ is a Moorish-American Moslem governed under the Divine Laws of the Holy Koran of Mecca, Love, Truth, Peace, Freedom and Justice. Plaintiff is A CITIZEN OF THE U.S.A. Plaintiff's domicile is located in the northwestern region of Northwest Amexem, % ████████████████████████████ Washington ██████ Pursuant to 28 U.S. Code §1343, Plaintiff brings this action to recover damages arising from the deprivation of his rights.

### 2.

**Defendant John Doe**, upon information and belief, is subject to the Jurisdiction and Venue of this Honorable Court. Defendant JD is the individual who assaulted Plaintiff while in the care and custody of ████████████ JD is believed to be a citizen of North Carolina. JD's identity and location are not known at this time. Plaintiff reserves the right to amend his complaint to include the identity of JD once it is known to Plaintiff so that service may be perfected upon JD.

### 3.

**Defendant** ████████████ upon information and belief, is subject to the jurisdiction and venue of this Honorable Court. Defendant RB is a Licensed Clinical Social Worker for the State of North Carolina and an employee of ████████████ RB is a citizen of the State of North Carolina. RB can be served with process at her current address: ████████████ Asheville, NC 28801.

### 4.

**Defendant** ████████████, upon information and belief, is subject to the jurisdiction and venue of this Honorable Court. Defendant MHI is a North Carolina non-profit corporation formed under the laws of the State of North Carolina. MHI's principal place of business is located at ██████████ Asheville, NC 28801. MHI may be served with process through its registered agent Corporation Service Company at 2626 Glenwood Ave, Ste 550, Raleigh, NC 27608.

**5.**

**Defendant Officer Doe**, upon information and belief, is subject to the jurisdiction and venue of this Honorable Court. Defendant OD is a deputy of the Asheville Police Department. This complaint is against OD in his personal capacity and official capacity. OD's identity and location are not known at this time. OD failed to follow police protocol during to the underlying circumstances which caused a deprivation of Plaintiff's rights. OD may be served at ██████████ ████ Asheville, NC 28801. Plaintiff reserves the right to join OD's employer before trial.

**6.**

**Defendant Paramedic Doe**, upon information and belief, is subject to the jurisdiction and venue of this Honorable Court. Defendant PD is a paramedic first responder for the ████████ ████████████. This complaint is against PD in his personal capacity and official capacity. PD's identity and location are not known at this time. PD failed to follow medical protocol during the underlying circumstances which caused a deprivation of Plaintiff's rights. PD may be served at ████████████████ Asheville, NC 28806. Plaintiff reserves the right to join PD's employer.

## IV.    FACTS

**7.**

On September 20, 2016, Plaintiff was transported by PD to MHI's ER without Plaintiff's consent after OD and private guards observed Plaintiff sunbathing in the nude on private property.

**8.**

Plaintiff paid for access to the private property. Plaintiff was not trespassing. Plaintiff had no open wounds nor was he bleeding. Plaintiff did not appear to be in any pain or trouble. Plaintiff was not threatening harm to himself. Plaintiff was not threatening harm to others. Plaintiff was not behaving erratically nor had he any weapons. Plaintiff was silently enjoying nature in a meditative state of gratitude. Plaintiff communicated with the first responders by using gestures and sounds.

**9.**

Plaintiff came in contact with RB when he arrived at MHI's emergency room.

**10.**

At all relevant times, Plaintiff did not make any threats, sounds or gestures that could be considered harmful or dangerous. Plaintiff believes no reasonable grounds existed for an IVC.

**11.**

Plaintiff's blood was drawn without his consent. Plaintiff was sedated without his consent. While drifting in and out of sleep, MHI's employees wrote down their observations and opinions in Plaintiff's medical chart as if Plaintiff voluntarily conversed with them. Plaintiff vehemently disputes the veracity of some or all of the findings and statements reported in Plaintiff's medical chart and related records.

**12.**

Upon information and belief, RB lacked the cultural competency to evaluate or treat Plaintiff in consideration with Plaintiff's worldview. RB lacked the necessary religious tolerance to evaluate or treat Plaintiff in consideration with Plaintiff's worldview. RB did not attempt to build any rapport with Plaintiff or gain any insight into Plaintiff's personality type in the context of his religion and worldview as an aboriginal American. Upon information and belief, RB made no meaningful effort to research, learn, or understand Plaintiff's history, culture, religion, or worldview prior to filing her IVC petition. Although Plaintiff may have been sedated while some of the reports were being written by MHI's employees, some of the statements allegedly made by Plaintiff while in MHI's custody come from the Oral Statements of Prophet Noble Drew Ali, the Bible and the Holy Koran.

**13.**

At all times relevant hereto, Plaintiff had no physical indications of suicidal tendencies. Plaintiff did not make any suicidal statements or have any suicidal thoughts. Plaintiff did not make any physical threats, verbal threats, or use any abusive language that could harm himself or any other person around him. Simply put, Plaintiff demonstrated no danger to himself or others but was forced into an unconstitutional temporary detainment supported only by the non-medical opinions of RB.

**14.**

At all times relevant hereto, Plaintiff exercised his right to remain silent and peaceful.

**15.**

Upon information and belief, RB's personal and religious worldview caused her to perceive Plaintiff's comments as nonsensical and/or delusional. RB's conclusions were not relatable to any acceptable standard for an IVC in this state. At all relevant times, Plaintiff was practicing his religion and not harming himself or others. RB's stated reasons for petitioning the court for Plaintiff's involuntary commitment were primarily founded upon Plaintiff's admitted act of sunbathing in the nude on private property.

**16.**

RB falsified an affidavit stating that Plaintiff met the IVC criteria of N.C. Gen. Stat. § 122C-3(11) by exhibiting symptoms of a mental illness and predictable dangerousness. RB did not state any facts in support of the IVC petition but instead substituted her own thread-bare conclusions based upon her personal beliefs and religious bias.

**17.**

Based on RB's sole affidavit, a county magistrate judge granted a 7-day custody order.

**18.**

Through what seemed like an endless and disorienting succession of MHI's employees and contractors interviewing Plaintiff, some of whom failed to properly identify themselves, Plaintiff began to piece to together why he was being detained at MHI under false pretenses. Plaintiff figured out the requirements of MHCS by asking questions to these staff members.

**19.**

During this unconstitutional detainment, Plaintiff's family and friends repeatedly contacted MHI and requested that Plaintiff be set at liberty and be immediately released into their custody. Plaintiff's family and friends, *persons who have personal knowledge of Plaintiff exceeding 30 years*, informed MHI that Plaintiff is not a threat of harm to others or dangerous to self. Plaintiff continuously requested to be allowed to be set at liberty and to be released into the custody of his family and friends.

**20.**

RB and MHI continuously deprived Plaintiff of his liberty after repeated requests. RB and MHI disregarded the requests from Plaintiff's family to set Plaintiff at liberty. One of MHI's employees wrote in Plaintiff's medical record that Plaintiff's behavior is, in fact, attributable to his religious beliefs and cultural worldview. MHI ignored this information provided by said employee and continued to detain Plaintiff.

**21.**

No IVC commitment hearing was held within 10 days as required by law. Plaintiff was not served with any notice of hearing and the continuance was unlawful. MHI did not obtain a second custody order to extend Plaintiff's detainment. While Plaintiff was detained, his vehicle was towed to a salvage yard. While in MHI's custody, Defendant JD violently punched Plaintiff in his eye.

Plaintiff was sitting down at the time he was struck in the eye. Plaintiff's eye has been "lazy" since then. Plaintiff did not provoke the attack of Defendant JD and was caught off guard. MHI did not provide any significant medical care for the blood wound to Plaintiff's eye. Instead of providing medical treatment, MHI staff moved Plaintiff out of his MHI assigned holding cell and into the wing of hospital where MHI's detained "non-violent" patients.

**22.**

After more than fifteen days in MHI's custody, Plaintiff was released from MHI's custody. After leaving the hospital, Plaintiff went back to the private property and retrieved his wallet and car keys where he placed them, under a rock, near the flowing creek on the property. After departing from the property, Plaintiff retrieved his vehicle from the salvage yard. After a few days of recuperation from the travesty inflicted upon him while in MHI's care, Plaintiff drove back to his house in Georgia where he attempted to pick up the pieces of his life.

**23.**

Because of RB's negligence, malpractice, cultural incompetence, religious intolerance, reckless indifference for Plaintiff's rights, lack of care and lack of training, Plaintiff was punched in the eye and deprived of his liberty, rights, immunities, and privileges without the due process of law guaranteed by the Constitution for the United States of America and other federal statutes.

**24.**

At all times relevant hereto, RB was acting to ameliorate her own interests and that of the state under N.C. Gen. Stat. §120C, et seq. In essence, RB's actions were the State's actions. By virtue of the powers and privileges granted to RB under the state's mental health statutes, RB was acting to further the interests of the state by carrying out the state's IVC policy.

**25.**

At all times relevant hereto, RB was acting in close relationship with OD, PD and a county deputy sheriff to obtain the Magistrate's custody order precipitated by RB's false affidavit.

**26.**

As a result of RB's acts and omissions, Plaintiff suffered significant injuries and was deprived of his rights and immunities secured by the Organic Constitution for the U.S.A.

## CAUSE OF ACTION

## COUNT I – MEDICAL NEGLIGENCE/MALPRACTICE

**27.**

Plaintiff incorporates paragraphs *1-26* above as if fully restated in this paragraph.

**28.**

RB is a licensed clinical social worker, who was employed at all relevant times by MHI, which is liable for any damages caused by her negligence and/or malpractice. RB was acting within the scope of her employment by MHI throughout her treatment and care of Plaintiff.

**29.**

RB owed Plaintiff a duty to care for him using that degree of care and skill which a reasonably competent health care provider, engaged in a similar practice and acting in similar circumstances, would use. RB breached that duty owed to Plaintiff in that she failed to care for Plaintiff to that same level and skill that a prudent health professional in the same circumstances with the same knowledge and training would have done.

**30.**

RB knew, or should have known, that in order to accomplish that standard of care required for her profession, she was required to do more than just make whimsy conclusions about

Plaintiff's behavior without some factual support and contextual insight into Plaintiff's history. RB was derelict in her duty in that she made no meaningful effort(s) to interview Plaintiff, his family, or friends to gain any level of insight about Plaintiff's mental history, behavioral patterns, religious beliefs, or worldview before attesting that Plaintiff fit the criteria for an IVC.

31.

RB was either negligent or intentional in her deviation from the known standards of care in providing treatment to patients suspected to be mentally ill or a danger to self and others.

32.

As a proximate and direct result of RB's failure to provide due care, and MHI's failure to supervise and properly train its employees, Plaintiff suffered harm that entitles him to recovery of damages in an amount that exceeds $75,000.00.

COUNT II – NEGLIGENCE PER SE

33.

State law was enacted to keep individuals safe from the misuse of the IVC process and prevent medical confinements in excess of fifteen (15) days without a subsequent custody order. The Supreme Court set forth a constitutional right to liberty in that context by holding that a state cannot constitutionally confine a non-dangerous person who is capable of surviving safely in freedom by himself or with the help of willing and responsible friends or family members. At all times relevant hereto, the Defendants' negligence caused harm to Plaintiff in violation of the very laws that were intended to protect Americans such as Plaintiff from such acts.

34.

Such violations include, without limitation, Defendants' infringement upon Plaintiff's right to free speech, freedom of religion, and right to liberty; RB's violation of the ethical and medical

standards of care for her profession; and MHI's violation of the 14th amendment, state constitution, and federal statutes in that Plaintiff did not meet the criteria for an IVC in the first place and the detainment/proceeding was not terminated within the time prescribed by law.

**35.**

RB and MHI knew, or should have known, that Plaintiff did not meet the criteria for an involuntary commitment and thus should have been set at liberty or offered alternative treatment.

## COUNT III – NEGLIGENT MISREPRESENTATION

**36.**

RB did not have any knowledge whatsoever of Plaintiff, his history, his beliefs, his family, his past, present, or future before Plaintiff was admitted to MHI's emergency department. Upon information and belief, RB observed Plaintiff for a very short amount of time in the ER. If RB observed Plaintiff more than 15 minutes, it may have occurred while Plaintiff was asleep or without RB offering the proper explanation or instruction that Plaintiff was being interviewed.

**37.**

RB lacked sufficient time or opportunity to properly observe Plaintiff to reach an informed medical opinion as to Plaintiff's daily responsibilities, judgment, social relations, need for nourishment, personal care, medical care, shelter, self-protection and safety; RB lacked sufficient information to reach an informed medical opinion as to the reasonable probability of Plaintiff suffering serious physical debilitation within the near future unless involuntary treatment was given; and RB lacked sufficient information to reach an informed opinion as to whether Plaintiff's behavior was grossly irrational or unable to control his actions.

**38.**

RB made false representations that within the relevant past, Plaintiff's actions were grossly inappropriate to the situation or that Plaintiff had demonstrated a severe impairment of insight to the extent Plaintiff would be unable to care for himself with or without the assistance of family.

**39.**

Without factual support or reasonable grounds, RB misrepresented that within the relevant past Plaintiff attempted suicide or threatened suicide and that there is a reasonable probability of suicide unless involuntary treatment was given; RB misrepresented that within the relevant past Plaintiff mutilated himself or attempted to mutilate himself and there was a reasonable probability of serious self-mutilation unless involuntary treatment was given; RB misrepresented that within the relevant past Plaintiff inflicted, attempted to inflict, or threatened to inflict serious bodily harm on another and there was a reasonable probability that such conduct would be repeated; RB misrepresented that within the relevant past Plaintiff acted in a way that created a substantial risk of serious bodily harm to another and there was a reasonable probability that such conduct would be repeated; RB misrepresented that within the relevant past Plaintiff engaged in extreme destruction of property and there was a reasonable probability that such conduct would be repeated; and RB misrepresented that within the relevant past Plaintiff had previous episodes of dangerousness to himself or others.

**40.**

Plaintiff is informed to believe, and on that basis alleges, that RB lacked clear and convincing proof or any corroborative facts that Plaintiff was suffering from a mental illness.

**41.**

Plaintiff is informed to believe, and on that basis alleges, that RB lacked clear and convincing proof or any independent facts that Plaintiff was a substance abuser.

**42.**

Plaintiff is informed to believe, and on that basis alleges, that RB lacked clear and convincing proof or any supporting facts that Plaintiff was a danger to himself or others. RB intended that the magistrate court judge would rely on her representations. RB knew, or should have known, that the magistrate's reliance upon her representations would result in Plaintiff's involuntary confinement. At the time RB made the foregoing material representations, such representations were false. RB knew, or should have known, that all such representations were false when made. RB expected that the State would rely on her representations. RB made such representations affecting Plaintiff's care with no intention of performing or with a positive intention of not performing according to the State's mandatory rules for such care.

**43.**

Even if RB argues that she may have initially believed or intended that her representations were true, she had no reasonable grounds for believing they were true when they were made.

**44.**

The magistrate knew, or should have known, of the falsity of RB's representations and that sufficient cause did not exist for the involuntary confinement of Plaintiff under state law.

**45.**

Plaintiff could not, in the exercise of reasonable diligence, have prevented RB from making such representations nor could he have prevented the magistrate from granting a custody order.

**46.**

The State reasonably relied on RB's representations, which was a substantial factor in causing Plaintiff harm. RB was either negligent or intentional in making such representations.

**47.**

As a direct and proximate result of the State's justifiable or unjustifiable reliance upon RB's misrepresentations, Plaintiff has suffered significant and extensive harm and financial injury exceeding $75,000.00 plus prejudgment interest.

## COUNT IV – LACK OF INFORMED CONSENT

**48.**

Defendants RB, MHI, OD, and PD were required to obtain Plaintiff's consent for treatment, and also inform the patient of sufficient facts to enable the patient to intelligently consent to treatment. Said Defendants failed to obtain Plaintiff's consent to treatment, or in the alternative knew, or should have known that Plaintiff was not consenting and/or revoked his consent for treatment, including without limitation, PD's sternum rub and transport to MHI's emergency department. The defendants knew or should have known that any alleged consent given by Plaintiff was made under duress and/or revoked by Plaintiff prior to treatment. The defendants' failure to obtain consent was negligent and failed to comport with professional standards. As a result of the Defendants' conduct, Plaintiff suffered damages.

**49.**

The Defendants' conduct was malicious and/or reckless, and Plaintiff is entitled to punitive damages.

## COUNT V – FALSE IMPRISONMENT

**50.**

Defendants intentionally confined Plaintiff without his consent.

**51.**

Defendants knew, or should have known, that they had no lawful authority to detain Plaintiff before or after the 15-day detainment period had expired. Defendants confined Plaintiff

unlawfully from around 1:00 PM on September 20, 2016 until he was released from MHI's custody at or around 3:00 PM on October 6, 2016.

### 52.

Defendants' conduct constituted false imprisonment of Plaintiff.

### 53.

As a result of the false imprisonment, Plaintiff suffered damages.

### COUNT VI – ASSAULT & BATTERY

### 54.

At all relevant times, Plaintiff did not consent to any physical contact by the Defendants. Plaintiff was justifiably apprehensive that Defendants' contact may cause him physical harm.

### 55.

Without justifiable reason or medical procedure for doing so, MHI employees and State employees deliberately pinned Plaintiff's body to the ground and forcefully administered a heavy sedative into Plaintiff's body intravenously. Plaintiff did not resist but instead stated three times aloud: "I do not consent". Shortly after, the sedative took effect and Plaintiff loss consciousness.

### 56.

MHI's employees did not have any reasonable grounds to confine and sedate Plaintiff. Without provocation, Defendant JD deliberately punched Plaintiff in the face. As a result of JD's attack on Plaintiff, Plaintiff's eye was bleeding profusely. Plaintiff did not solicit, provoke, or desire such physical attacks from the Defendants.

### 57.

Defendants' unwanted contact caused Plaintiff to suffer physical and emotional harm. Defendants' conduct constituted separate and distinct counts of battery on Plaintiff. Defendants

acted together in a concerted effort to cause the batteries. As a result of the batteries, Plaintiff suffered damages.

## COUNT VII – DEPRIVATION OF CIVIL RIGHTS – 42 USC § 1983

### 58.

At all times relevant hereto, Defendants acted under a color of state law, custom, or policy in subjecting Plaintiff to a deprivation of his rights, privileges, and immunities secured by the Organic Constitution for the United States of America, stare decisis and federal laws. Defendants deprived Plaintiff of his liberty and property without due process of law.

## COUNT VIII – VICARIOUS LIABILITY

### 59.

Defendants RB, MHI, PD, and OD each owed Plaintiff a duty of care conforming to professional standards.

### 60.

Said defendants breached that duty of care and failed to conform to the professional standards by deliberately and forcefully preforming unnecessary medical treatments on Plaintiff. As a result of said defendants' breach of duty, Plaintiff suffered damages, including but not limited to: physical harm, embarrassment, emotional distress, and mental pain and suffering. Defendants' conduct was malicious and/or in reckless disregard of Plaintiff, and Plaintiff is entitled to general damages, special damages, exemplary damages, and treble damages.

### 61.

Plaintiff is informed and believes, and on that basis alleges that each employee of MHI that was involved in Plaintiff's detainment acted pursuant to and within the scope of the relationships alleged above, that each Defendant authorized, ratified, adopted, conspired, approved, controlled,

encouraged, and/or aided and abetted the Defendants' negligence or gross recklessness. The defendants have caused slander and libel of Plaintiff's reputation.

**62**

MHI and the employers of PD and OD are liable for the acts of RB, PD, and OD.

**63.**

Plaintiff demands a trial by jury.

*[Space left intentionally blank]*

## MOORISH AMERICAN PRAYER

Allah the Father of the Universe, the Father of Love, Truth, Peace, Freedom and Justice. Allah is

my protector, my guide, and my salvation by night and by day, through

his Holy Prophet, DREW ALI. "Amen".


**WHEREFORE,** Plaintiff respectfully requests this Court enter judgment in his favor and:

a.  That summons issue and service be perfected upon Defendants requiring them to appear in this Court within the time prescribed by law and answer this Complaint;

b.  That all Defendants are jointly and severally liable;

c.  For an order requiring the destruction of all records of said IVC proceeding;

d.  For general, special, compensatory and exemplary damages;

e.  For treble damages where applicable;

f.  For costs of bringing this suit;

g.  Trial by jury of twelve (12) jurors; and

h.  Any other relief this Court deems fair and just.


Executed in good faith this __17__ day of September 2019 A.D.

2nd Original
9/20/19
CP

_____
Plaintiff's Signature

Wet Ink Signature
Under Seal
CP

**NOTE**

## Plaintiff is willing to participate in Alternative Dispute Resolution

USPS Tracking No. 9481703699300036096636